Mabel G. Rioux, administratrix, *vs.* A. D. Ellis Mills Incorporated.

Hampden.    September 18, 1935. — December 30, 1935.

Present: Rugg, C.J., Pierce, Field, Lummus, & Qua, JJ.

*Negligence*, Licensee.   *Landlord and Tenant*, What premises let.   *License.*

The evidence did not show that a boy living in a hired house on land on which was also located nearby a garage of the landlord, was more than a licensee of the landlord while in the garage.

Tort for conscious suffering and the death of the plaintiff's intestate. Writ dated December 11, 1930.

The action was tried in the Superior Court before *Broadhurst*, J. Subject to leave reserved, a verdict for the plaintiff in the sum of $4,720 was recorded. Thereafter the judge ordered entered a verdict for the defendant. The plaintiff alleged an exception.

The case was submitted on briefs.

*C. J. Ballard* & *C. J. Weston*, for the plaintiff.

*A. B. Green*, for the defendant.

Lummus, J. The plaintiff's intestate, George H. Rioux, a boy six and one half years old, lived with his mother in a house, on the easterly side of Main Street in Monson, hired by his grandfather from the defendant. To the eastward of the house, beyond a grass plot about seventy-five feet wide, was the defendant's power house, also about seventy-five feet wide. About thirty feet to the east of the power house was the defendant's garage. The house, the power house and the garage were all on the northerly side

of a driveway which ran easterly from Main Street over land owned by the defendant.

On April 17, 1930, the boy was fatally injured in the garage by being caught between a door and a brick pier. There was evidence of negligence, but not of wilful, wanton or reckless conduct, on the part of a servant of the defendant.

The limits of the premises hired by the grandfather were not exactly defined, but there was no evidence that they included the doorway of the garage. Although the boy's aunt, who was a member of the family, was permitted to store an automobile in the garage, there was no evidence that she was more than a licensee. Neither was there any evidence that the boy was in the garage for any purpose connected with his aunt's automobile. Even though the defendant never objected to the presence of the boy on its premises, he was no more than a licensee entitled only to freedom from wilful, wanton, and reckless injury. The entry of a verdict for the defendant under leave reserved was right.

*Exceptions overruled.*